Romeo  Ezike
**Name and Address**
P.O Box  425 126
SAN FRANCISCO  CA. 94142

FILED

MAY 1 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Romeo  Ezike
**Plaintiff / Petitioner**

VS.

MR. Lakshmi Mittal
**Defendant / Respondent**
el al

Case No. 08-CV-01867
MEJ

Document Name:

Exhibits 140, 141, 142,
143, 144, 145, 146, 147
148, 149, 150, 151, 152
153, 154, 155, 156,
157, 158

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

List Of Exhibits

Exhibit 140 receipt for Docket No. 114754 Superior court of California, County of Alameda.

Exhibit 141 State's Attorney viewing plaintiff's criminal file No. 114754, Note at this point there is NO-excuse for the State's Persecutor Not knowing that Plaintiff was not qualified for the charge from Cook County, Illinois criminal court.

Exhibit 142, 143 letter from plaintiff written to the sentencing Judge from State's prison.

Exhibit 144, 145 sentencing in Superior court. Plea - Deal

Exhibit 146 Plaintiff attempting to tell the Judge the truth of the situation. Line 14 & 15

Exhibit 147 Plaintiff attempting to tell the Judge base on the advice of his lawyer he had NO-choice. Line 19

Exhibit 148 Plaintiff's attempt to tell the Judge that he was been threatened at Santa Rita Jail to take a plea - bargain.

Exhibit 149 - Plaintiff did not contest Plea-bargain. Note: the woman was twenty-seven years old. Line 1-17

Exhibit 150 - Plaintiff disagreed with Public Defender, who continued to convince Plaintiff that the deal was in his best interest because the situation was political.

Exhibit 151 Plaintiff at the preliminary hearing - A classic set-up by the teamsters. After setting him up with a twenty-seven years woman the persecutor, Judge and Public Defender who Plaintiff believe was working together added a charge for a person under fourteen years old. Note This charge was not part of the plea-bargain.

Exhibit 152 keep in mind the rehearse victim was twenty-seven years old.

Exhibit 153 Alameda Police record of the woman used to set Plaintiff up for a sexual Assault charge in 1993. Note her date of brith 12/3/65.

Exhibits 154, 155, 156 Plaintiff civil suit dismissed in the Judge's court, assigned a number on Appeal with another case in his court.

Exhibits 157, 158 evidence of obstruction Plaintiff case in the Northern District Federal court of Illinois never made it to

the Appeal court. The case
1:04 CV 04476 Romeo Ezike V
Hoffman Enclosures, INC, D HL and
Mike Bauman was assigned Numbers
of cases in the court. There is
No evidence that the Judges on
the Seventh Circuit court of
Appeal made decision on his case
before he was incarcerated or after
his illegal incarceration and
tortured in Cook county jail
and Elgin Mental Health
Center.

(3)

08 cv 1867    Exhibit 14ᵇ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
RENE C. DAVIDSON COURTHOUSE
OAKLAND, CA 94612

DATE:    05/13/08    RECEIPT NO.:  P251308-JF537

RECEIPT FOR DOCKET NO.:  114754    NAME:  COPIES

AMOUNT DUE:    $    6.50

AMOUNT TENDERED:    $    6.50

CHANGE AMOUNT:    $

MODE:  CA

STATES ATT OFF 12th WING  @001

08 CV 1867



## OFFICE OF THE STATE'S ATTORNEY
### COOK COUNTY, ILLINOIS

RICHARD A. DEVINE
STATE'S ATTORNEY

CRIMINAL PROSECUTIONS BUREAU
2650 SOUTH CALIFORNIA AVENUE
CHICAGO, ILLINOIS 60608

DATE ___4/24/06___

TO: ___Sally___

FAX NO. __(510) 835 4850__

FROM: __ASA MICHELE POPIELEWSKI__
___(773)869-7131___

TOTAL NUMBER OF PAGES ___1___
(including this one)

FURTHER COMMENTS: Sally — COULD YOU PLEASE
SEND TO MY ATTENTION AT 2650 S. CALIFORNIA,
ROOM 12B30, CHICAGO ILLINOIS 60608 A CERTIFIED
COPY OF CONVICTION/SENTENCING ORDER REGARDING
THE CASE OF ROMEO EZIK, CASE # 714754 FOR
USE IN A CRIMINAL CASE NOW PENDING AGAINST
MR. EZIK IN CHICAGO — ANY QUESTIONS,
PLEASE CALL ME AT (773) 869-7131
THANK YOU

If you have any questions, or if this fax is incomplete,

please call 773-869- 7131

5/7/06

EXHIBIT 141

Denied

8-23-93    114754

AUB 576
3118904

Dear Sir,

Sentence Review/Reduction Request. Sir: Honor Judge, lend me your ears. I believe a gross injustice has been committed against me.

I was sentence by you on the 6th of April, 1993 to five years in State Prison for P207 and P289. There are several important facts that I like to bring to your attention:

a) My accuser voluntarily got in the car on her own will.

b) I stop at a chervon Mini Mart and left the car with the keys in the ignition for more than five minutes with the engine on.

c ) At no time when we were together did she alerted me to any concerns of her safety.

d) While in the car everything were normal until the arrival of the police. That is the time she began this frenzy role playing. What the Motive I do not know.

Why did I elect to take a plea bargain?

a) My Lawyer advice me that being innocence was not a good reason to go to trial. He also told me that the best he could do because of the political pressure from the Media and the women's group was a hung Jury.

b) I asked several times for the evidences against me to be presented in the court, but it was with held (Dna RESULT) which i believe would had vindicated me from any sexual acts.

c) I was also told by my Lawyer that in a rape case a jury do not have to look at the physical evidence. The testimony alone of my accuser was enough to convict me.

FILED
ALAMEDA COUNTY

AUG 2 5 1993

RONALD G. OVERHOLT, Exec. Off./Clerk
By

R    Exhibit 142

54
AUB 546
3118904

d) If I was to go to trial and be find guilty--I could face up to 18 to
30 years in jail because my charges are all or none. This means that
I could only be find guilty of all the charges or none of the charges.

e) I made several attends to change my Public Defendant but was unsucce-
ssful.

f) My ignorance of the American Judicial System contributed to the
plea.     I have sufferred physical and emotional pain, since my incar-
ceration. I took off working and became a full time student taking
pre-requsite courses for physical Therapy. I have a college degree
from a State College. My only other experience with the Judicial
System was a minor incident that was dropped when the truth came
out.
     I was told by you and my public defendant that I could work
here in prison and get half time, but the reality is that the prison
does not have jobs for me and other and other who are willing to
work. It is also the same with the vocational programs. Most of
these jobs and programs have a very slow turn over rate , which
means that it could take about six month to get a job. I have been
reduced to sitting around doing nothing. I request that you
please considered these facts and reduced my sentence so that I
can once more joined my family and be a productive citizen.

                              ROMEO EZIK H74312

Exhibit 143

DUB 576
31 18904

2

1       MR. OGUL:  No, thank you.

2       THE COURT:  How about with respect to your client?

3       THE DEFENDANT:  No, sir.

4       THE COURT:  All right.

5       . Then to the People.  Would you like to be heard

6  Counsel?

7       MR. BURROWS:  Your Honor, I have nothing to say.

8  If I could have one moment?

9       THE COURT:  All right.

10      MR. BURROWS:  No, Your Honor.

11      THE COURT:  All right.

12      No other evidence with respect to the evidentiary

13  portion of the hearing?

14      MR. BURROWS:  No, Your Honor, no other evidence.

15      THE COURT:  All right.  Then pursuant to Rule of

16  Court 412, this having been a negotiated disposition and

17  there being no objection by the District Attorney, the

18  Court will impose the sentence now as follows:

19      The defendant having been found guilty of Count 1

20  of the Information, a violation of Section 207 and also

21  having been found guilty of Count 5, a violation of

22  Section 289 of the Penal Code which is with respect to

23  Count 1, the 207, the Court imposes the agreed upon mid

24  term for that offense as five years and with respect to

25  Count 5, the violation of Section 289, the Court imposes

26  the agreed upon low term of three years for that

27  offense.  Said three years to run concurrent with the

28  term of five years imposed on Count 1 for a total term

Exhibit 144

AUB 576   3
J118904

1    of five years.

2         Now, in addition, the Court imposes a $200

3    restitution fine pursuant to 13967A of the Penal Code.

4    Said fine is to be deducted from the defendant's pay

5    pursuant to 2085.5 of the Penal Code.  Twenty percent

6    thereof is to be taken out as in accordance with that

7    statute.

8         In addition, you ought to know that you are

9    entitled Mr. Ezik to a deduction of your sentence under

10   the truth and credit law.  I have to tell you that of up

11   to one third or one half of your sentence just imposed

12   by the Court.  Of course you have to earn those credits.

13   All right.  Do you understand that?

14        THE DEFENDANT:  Yes, I do.

15        THE COURT:  All right.

16        The Court therefore -- that is the order in the

17   matter.  You have a total credit of 142 days.  Any

18   objection?

19        MR. OGUL:  No.

20        THE COURT:  That will be the total credit as

21   indicated by the Court.

22        MR. BURROWS:  Your Honor, the plea bargain in

23   violation of a fine pursuant to  290.3.

24        THE COURT:  The Court also imposes that fine too.

25   He is remanded to the custody of the Sheriff, ordered to

26   be delivered forthwith to the Department of Corrections

27   whereupon he will begin to serve his time in the matter.

28   The defendant is to pay a $200 restitution fine and at a

                    KATHY A. LYONS
                    CSR #7230

Exhibit  145

1          THE DEFENDANT:  I understand.  Yes, sir.

2          THE COURT:  All right.  You should further

3    understand that you are giving up some very valuable

4    rights.  I want to go over those with you and also let

5    me make sure you understand you're pleading to what's

6    called a state prison offense because I am going to

7    sentence you to state prison and that has some

8    consequences to.  It means that if you were to go out in

9    the future and commit another felony offense and get

10   convicted and get sentenced to state prison on that

11   offense, the Court can add one more year to any sentence

12   that you get for a new felony conviction because of your

13   plea here today.  Do you understand that?

14         THE DEFENDANT:  I did not commit no offense, but I

15   understand, yes.

16         THE COURT:  Well, here is the problem.  I know you

17   have discussed this matters with your Counsel and you

18   have made a determination to plead no contest and I am

19   going to go over with you what pleading no contest

20   means.

21         THE DEFENDANT:  I understand that.

22         THE COURT:  But you have to make sure that you're

23   doing this after having considered everything that you

24   considered, that you're doing this freely and

25   voluntarily and I am going to ask you those questions

26   when I get to the end of telling you all the

27   consequences and if you don't feel like you're doing

28   this freely and voluntarily then of course I cannot

                    KATHY A. LYONS,
                      CSR #7230

Exhibit 146

1   the consequences are the same as if you plead guilty or

2   no contest and you are still going to get the same

3   amount of time.  Do you understand that?

4        THE DEFENDANT:  I understand it.

5        THE COURT:  So, by entering a plea of no contest,

6   you are foregoing and giving up your right to remain

7   silent.  Do you understand that?

8        THE DEFENDANT:  I understand that.

9        THE COURT:  And do you give that right up?

10       THE DEFENDANT:  I do.

11       THE COURT:  You also at the trial have a right to

12   testify yourself, call your own witnesses that you think

13   have Information about these charges and use subpoenas

14   issued by the Court to make those witnesses come in if

15   they wouldn't do so voluntarily.

16       THE DEFENDANT:  I understand.

17       THE COURT:  Do you realize that you're giving each

18   and every one of those rights up if you enter this plea?

19       THE DEFENDANT:  I have no choice.

20       THE COURT:  Well, I tell you what, I don't feel

21   comfortable taking the plea.  I really don't.  We'll set

22   it for trial.  I understand you know, you have to do

23   what you feel is necessary and right and to be honest

24   with you, that is the only way I would take a plea of no

25   contest or otherwise if I feel that you understand your

26   rights and you're willing to give them up.

27       MR. OGUL:  May I have one moment, Your Honor?

28       THE COURT:  Sure.  Now Mr. Ezik, when I was you

                    KATHY A. LYONS,
                       CSR #7230

Exhibit 147

1    your right to compulsory process, that is your right to
2    testify yourself and your right to call your own
3    witnesses and your right to subpoena witnesses if they
4    wouldn't come in volutnarily, indicated to me that you
5    understood that you had those rights, but you felt
6    because you were in custody and you couldn't make bail
7    that you didn't have much of a choice.  I want to make
8    sure that you understand first off that you have those
9    rights.  They are given to you.  Do you understand that?
10        THE DEFENDANT:  I understand.
11        THE COURT:  I also want to make sure because you
12   indicated that you're willing to give those rights you
13   that you are giving those rights up because after having
14   thought and discussed the matter with your attorney and
15   talked about the evidence, what evidence and the factors
16   you may consider even though you feel that your custody
17   status has something to do with your condition, I want
18   to make sure that having thought about your custody
19   status and everything else, that you have decided that
20   this is in your best interest to do so and you want to
21   do this freely and voluntarily.  That is, to give up
22   these rights.  Is that correct?
23        THE DEFENDANT:  It is correct, Your Honor.
24        THE COURT:  All right.  And so, the fact that you
25   haven't made bail and bail has been set in the case,
26   that has not in any way caused you to feel that you are
27   being intimidated or threatened into doing this.  You
28   are doing this because you have considered all these

KATHY A. LYONS,
CSR #7230

Exhibit 148

1    become part of the record for a basis of a factual

2    finding for the plea.  I have also reviewed the District

3    Attorney's summary in the matter and adopt the facts set

4    forth therein as a basis for the factual finding now and

5    based on entiretu of this record and the stipulation of

6    Counsel, I do accept the pleas and I find the defendant

7    guilty Count 1, a violation of Section 207 as charged

8    therein as a felony and of Count 5, a violation of

9    Section 289 of the Penal Code as a felony.

10       Now, with respect to the remainig offenses, the

11   enhancement 208d in Count 1, Count 2 and the enhancement

12   667.8, Count 3, Count 4 and the enhancement under 667.8

13   under Count 5 as well as Count 6 and the enhancement

14   under 667.8  are dismissed and stricken pursuant to the

15   terms of the negotiated disposition.

16       The defendant is remanded on this case.  Time is

17   not waived for sentencing?

18       MR. OGUL:  Your Honor, Mr. Ezik is really hoping

19   the Court can sentence him today.  We understand that

20   ordinarily, the Court would want a probation report in

21   this matter, however, Mr. -- well, number one, did

22   sentence is fixed.  I don't believe there is any dispute

23   concerning what probation -- Mr. Ezik has been feeling

24   somewhat emotional I believe as everyone can observe

25   today and basically he does not want to linger here in

26   Alameda County.  He recognizes his decision was a freely

27   and voluntarily decision, but it was very difficult to

28   decision for him to make and he wanted to basically put

KATHY A. LYONS,
CSR #7230

Exhibit   149

1   Alameda County behind him and begin serving his
2   sentence. As he said he has that coming to him after
3   entering into this settlement. He basically wants to
4   get on with his life and finish his prison sentence as
5   soon as possible and get into an educational program in
6   prison. Therefore, he is hoping the Court could
7   sentence him today.

8        THE COURT: I understand his position and I take it
9   in heart, but let me ask you one thing. Has the emotion
10  that you felt today in any way caused you to want to do
11  anything different than enter your plea of no contest
12  with an understanding of your rights, that way that you
13  said you understood them and weighed them? Has your
14  emotions affected you at all in understanding those
15  rights, waiving them?

16       THE DEFENDANT: No way.

17       THE COURT: All right. I understand your position
18  Mr. Ogul, but the Court is going to refer it over for
19  probation notwithstanding. We'll do it on a no time
20  waiver basis and get it back here as fast as we can so
21  he can put Alameda County behind him, but nevertheless,
22  he is remanded on this. No bail. He is referred to the
23  probation department for a presentence report and the
24  defendant is ordered to comply in the preparation of
25  that report, okay.

26       THE CLERK: April 7th, 9:00 a.m..

27       (Whereupon this matter was concluded.)

28                         ---oOo---

                      KATHY A. LYONS,
                        CSR #7230

Exhibit  150

1  was, there would be no more than." And so I'm saying that

2  for purpose of the preliminary hearing, and on a 995, that

3  the 289(a), Anal Penetration, would not amount to a sodomy.

4      THE COURT:  Is there any other argument as to the

5  other Counts, or is it submitted?

6      MR. BARNI:  I just want to clarify the last comment.

7  I'm not saying that the penetration by the finger of an eighth

8  of an inch is a sodomy.  I'm saying that's a penetration by a

9  foreign object and that conduct, in conjunction with the other

10  conduct of pulling down her clothes and touching her buttocks,

11  was all preparation for an attempt of sodomy.

12      THE COURT:  I understand the argument.

13      Are there any other issues that anybody wishes to

14  argue or is the matter submitted?

15      MR. BARNI:  Submitted.

16      MR. O'TOOLE:  Submitted, Judge.

17      THE COURT: All right, it appearing to me that the

18  offenses --

19      MR. O'TOOLE:  Judge, may I ask you one thing?  I am

20  sorry.  I asked you to look at 288a(c).  I don't believe that

21  these Counts are properly charged.  I think one refers to a

22  minor.  I may be wrong.  But I would ask the Court to please

23  look at the Penal Code.

24      THE COURT:  Yes, "under 14 years of age".

25      MR. O'TOOLE:  I believe that's mischarged, and I

26  would ask that he not be held to answer as to that Count.

27      THE COURT:  Off the record.

28      (Off-the record discussion).

Exhibit 151

1    THE COURT: All right, back on the record.

2    It would appear, after looking at the section, that

3    this is the proper section as charged.

4    MR. O'TOOLE: Your Honor, after you have addressed

5    the sex Counts, may I address the kidnapping Count?

6    THE COURT: Now would be an appropriate time to do

7    that.

8    MR. O'TOOLE: Your Honor, whatever the Court's

9    feelings, as regards the various sexual Counts, it seems to me

10   that this woman, getting a ride in a car, and the person

11   taking her to a destination other than the one that she had

12   agreed upon, and especially following conversation about "Take

13   me to a party", and she said there were no threats, actual

14   threats made to her, other than the fact that he made a turn

15   that she felt was not the turn to San Francisco, that that was

16   a dangerous act, that she considered that a dangerous act,

17   I don't believe that there was an actual kidnapping in the

18   sense that we mean that someone is brought into a car and

19   held in a car against their will.

20   You know, she says "Should I go over to the clerk

21   with you?", and he says, "No". And she, herself, didn't even,

22   when I asked her later on, didn't even categorize that as a

23   threat. I don't think that an actual kidnapping as such

24   occurred.

25   I would submit it to the Court.

26   THE COURT: Is the matter submitted, Mr. Barni?

27   MR. BARNI: Submitted.

28   THE COURT: All right, it appearing to me that the

Exhibit 152

# ALAMEDA POLICE DEPARTMENT

1555 OAK STREET
ALAMEDA, CALIFORNIA 94501
PHONE (510) 522-1221 : FAX (510) 523-5322
CA0010100

REPORT # 92-00081
REFER TO #

| | |
|---|---|
| DOA REF □ CAR □ CITE/REL □ NTA □ | |
| COUNSEL/REL ☑ APPROVAL **501** | |
| DATE AND TIME REPORTED 11392 0255 | |
| DATE AND TIME OCCURRED FROM 11392 0206 | LOCATION OCCURRED ADJACENT TO 2203 MARINER SQ |
| DATE AND TIME OCCURRED TO 11392 0255 | VICTIMS LOCATION AT TIME OCCURRED |
| HOW REPORTED: ON VIEW ☑ PHONE □ PERSON □ OTHER | OBJECT OF ATTACK (V)'S PERSON |

UCR CLASS
CRIME CODE **261 PC / 288 PC**
SAME ☑ FELONY ☑ MISD □ REPORT CLASS **ORA**
INFRACT □ MISC □ ATT RAPE / COPULATION
TOTAL VALUE $ N/A
CLASS: DOMESTIC VIOL □ DISABILITY □ ELDERLY □ ETHNIC □
SEX/PREF □ RACE MOTIVE □ RELIGIOUS MOTIVE □

**VICTIM**

| NAME (V1) VERDURMEN, GAIL JUSTINE | RACE W | SEX F | AGE 27 | DOB 12/3/65 | HOME PHONE 415/752-7658 |
|---|---|---|---|---|---|
| ADDRESS 229 19th AVE #12, SAN FRANCISCO | BUS NAME/ADDRESS PERMINENT RESIDENCE 2186 N/W KEARNEY, PORTLAND, OR 97210 | | | | BUS PHONE 503/224-0978 |

**OTHERS**

| NAME | RACE | SEX | AGE | DOB | HOME PHONE |
|---|---|---|---|---|---|
| ADDRESS | BUS NAME/ADDRESS | | | | BUSINESS PHONE |
| NAME | RACE | SEX | AGE | DOB | HOME PHONE |
| ADDRESS | BUS NAME/ADDRESS | | | | BUSINESS PHONE |

**VEHICLE**

| | | | | |
|---|---|---|---|---|
| SUSPECT ☑ AUTO ☑ BIKE □ BOAT □ | CLASSIFICATION: STOLEN □ LOST □ TOWED ☑ RECOVERED □ | VALUE $ | SVS IN OUT | |
| VICTIM □ NO. M/C □ PU □ OTHER | EVIDENCE ☑ OBSERVATION □ OTHER | | | |
| LICENSE/CF NO. VALD | STATE CA | YEAR 84 | MAKE TOYOTA | MODEL COROLLA | COLOR GOLD | VIN/SERIAL JT2AE86C4E0075298 | STYLE 2DR | B/G-SPD | SIZE |
| DESCRIPTION / A# / OAN# | | | | |

**SUSPECT/MISSING**

| NAME (S1) EZIKE, ROMEO (F/N) | RACE B | SEX M | AGE 32 | DOB 10/29/59 | HOME PHONE N/PH |
|---|---|---|---|---|---|
| ADDRESS 3010 HARPER ST, BERKELEY #103 | BUS NAME/ADDRESS UNEMP? | | | | BUS PHONE |
| PHYSICAL DESCRIPTION HEIGHT 509 WEIGHT 210 HAIR BLK STYLE SHORT EYES BRN | | | | | PFN/AP□ # AUB576 |
| GLASSES COMPLEX MED BR FACIAL MARKS | | | | | DL/OTHER # AGS14492 |

OTHER

CLOTHING DESCRIPTION
HAT _____ COAT GRY SHIRT FLOWER PRINT UNDER SHIRT _____ PANTS BLU
SHOES BLK SOCKS _____ GLOVES _____ JEWELRY _____ NCIC/PIN IN OUT
ADDITIONAL _____ CITE # _____ COURT DATE/TIME _____

**M.O.**

(S) PROMISES TO DRIVE (V) HOME. INSTEAD (S) DRIVES (V) TO ISOLATED (LOCATION). (S) RESTRAINS (V) TO KEEP V) IN CAR. (S) FORCES (V) TO PERFORM ORAL COPULATION. (S) ATTEMPTS RAPE THAT IS STOPPED. WEAPON BY MY HANDS/THREATS/CAR

A. ADDITIONAL PERSONS (V / RP / W / S) / VEHICLES    B. DETAILS OF OCCURRENCE    C. MISC. INFO: STATEMENTS, NEIGHBORHOOD CHECK, CRIMINAL RECORD, ETC.    D. PROPERTY
PROPERTY CLASSIFICATION: S-STOLEN R-RECOVERED L-LOST F-FOUND D-DAMAGED

| ITEM | CLS | QUAN | ARTICLE | BRAND | MODEL | SERIAL# / OAN | AGE | VALUE | APS IN | OUT |
|---|---|---|---|---|---|---|---|---|---|---|

B. DETAILS

ON 11392 AT APPROX 0255 HRS. I WAS PATROLLING A COMMERCIAL DISTRICT
IN A MARKED PATROL VEH. DURING THIS TIME I PULLED INTO THE N/E
ENTRANCE TO THE PARKING LOT OF 2203 MARINER SQUARE. THIS ADDRESS
IS THE LOCATION OF A DANCE CLUB WHICH IS NOW CLOSED DUE TO A PAST FIRE.
THE CLUB IS IN AN ISOLATED AREA AND DUE TO THE TIME HAD NO TRAFFIC
GOING BY.

I DROVE INTO THE LOT AND TRAVELED AROUND THE REAR OF THE

**SOLVABILITY FACTORS  (CHECK THE BOXES THAT APPLY)**

A. ☑ IS A SUSPECT NAMED?
B. ☑ CAN A SUSPECT BE LOCATED?
C. ☑ CAN A SUSPECT BE DESCRIBED?
D. ☑ CAN A SUSPECT BE IDENTIFIED?
E. ☑ CAN A SUSPECT VEHICLE BE IDENTIFIED?

F. □ IS THERE A WITNESS TO THE CRIME?
G. □ IS STOLEN PROPERTY IDENTIFIABLE?
H. □ IS THERE A SIGNIFICANT M.O.?
I. ☑ IS THERE SIGNIFICANT EVIDENCE?
J. ☑ IS THERE A MAJOR INJURY/SEX CRIME?

K. □ IS THIS PART OF A CRIME PATTERN?
L. □ IS FURTHER INVESTIGATION NEEDED?
M. □ WAS THE CRIME SCENE PROCESSED?
N. □ CASE REFERRED TO INVESTIGATIONS?
O. □ HAS A CAREER CRIMINAL BEEN IDENTIFIED?

**CONTROL**

| CRIME SCENE: TECHNICIAN RESPONDING # _____ REQUEST COMPLETED BY # _____ | ID WORK: LATENTS □ EVIDENCE COLLECTION ☑ OTHER _____ | PHOTOS □ AFD □ | SPECIAL EQUIPMENT: HELICOPTER □ | BOAT □ OTHER _____ | CANINE □ | CRT □ ARREST REG IN ___ OUT ___ |
|---|---|---|---|---|---|---|
| 73S: DICTATED □ | COPIES: INV. OFF ☑ 50 | DDA ☑ 50 | ID □ _____ | STATUS: PENDING □ SUSPENDED □ CLEARED ☑ | | |
| F/U DATE _____ DBRF BY _____ | CII _____ WATCH COM □ _____ OTHER _____ | | | UNFOUNDED □ COMPLETED □ REFERRED TO _____ | | |
| REPORTING OFFICER/# SMITH SO | DATE/TIME COMPLETED 11392 1128 | INITIAL REVIEW | DPU | DPU | FINAL REVIEW | IS |

Exhibit 153

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Dirksen Federal Building
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF CASE OPENING

May 7, 2008

| | |
|---|---|
| No.: 08-2139 | ROMEO EZIKE,<br>Plaintiff - Appellant<br><br>v.<br><br>AMTRAK, COOK COUNTY, ILLINOIS, COOK COUNTY JAIL, et al.,<br>Defendants - Appellees |

**Originating Case Information:**

District Court No: 1:07-cv-01972
Northern District of Illinois, Eastern Division
Court Reporter K. Fennell
Clerk/Agency Rep Michael Dobbins
District Judge Ruben Castillo

Case date filed: 05/07/2008
Case type: cv/pri
Fee status: Due
Date of Judgment: 04/24/2008
Date NOA filed: 05/06/2008

The above-captioned appeal has been docketed in the United States Court of Appeals for the Seventh Circuit.

## Deadlines:

| Appeal No. | Filer | Document | Due Date |
|---|---|---|---|
| 08-2139 | Romeo Ezike | Docketing statement due | 05/13/2008 |

Exhibit 154

08 CV 1867

Case 3:08-cv-01867-MEJ    Document 6    Filed 05/19/2008    Page 20 of 23

COX

# United States District Court
# Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:08-cv-02139

| | |
|---|---|
| Johnson et al v. Simon et al | Date Filed: 04/15/2008 |
| Assigned to: Honorable Ruben Castillo | Jury Demand: Plaintiff |
| Cause: 42:1983 Civil Rights (Employment Discrimination) | Nature of Suit: 442 Civil Rights: Jobs |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Vietta L Johnson**
*M.D.*

represented by **Linda C. Chatman**
Chatman Law Offices, LLC
19 South LaSalle
#1500
Chicago, IL 60603
(312)917-1005
Email: lindachatman@chatmanlaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Ivankovich**
*M.D.*

represented by **Linda C. Chatman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Karen Nash**
*M.D.*

represented by **Linda C. Chatman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Cook County Bureau of Health
Services**

represented by **Cook County Bureau of Health
Services**
PRO SE

**Jamieson Brent Bowman**
Cook County State's Attorney's Office
500 Daley Center
Suite 565

Exhibit 155

08 CV 1867

https://ecf.ilnd.uscourts.gov/cgi-bin/DktRpt.pl?398105194593853-L_950_0-1    5/16/2008

Chicago, IL 60602
312-603-3032
Email: jbowman@cookcountygov.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert R Simon**
*M.D., individually and in his official*
*capacity*

**Defendant**

**Aaron Hamb**
*M.D.*

**Defendant**

**Clifford Crawford**
*M.D., individually and in his officiaal*
*capacity*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/15/2008 | 1 | COMPLAINT filed by Vietta L Johnson, Daniel Ivankovich, Karen Nash; Jury Demand. (Poor Quality Original - Paper Document on File) (tlm, ) Modified on 4/16/2008 (ef, ). (Entered: 04/15/2008) |
| 04/15/2008 | 2 | CIVIL Cover Sheet (tlm) (Entered: 04/15/2008) |
| 04/15/2008 | 3 | ATTORNEY Appearance for Plaintiffs Vietta L Johnson, Daniel Ivankovich, Karen Nash by Linda C. Chatman (tlm, ) (Entered: 04/15/2008) |
| 04/17/2008 | 5 | SUMMONSES Issued, four originals, as to Defendants Clifford Crawford, Cook County Bureau of Health Services, Robert R Simon, Aaron Hamb. (ar, ) (Entered: 04/18/2008) |
| 04/29/2008 | 6 | ATTORNEY Appearance for Defendant Cook County Bureau of Health Services by Jamieson Brent Bowman (Bowman, Jamieson) (Entered: 04/29/2008) |
| 04/30/2008 | 7 | MOTION by Defendant Cook County Bureau of Health Services for extension of time to file answer (Bowman, Jamieson) (Entered: 04/30/2008) |

Exhibit 156

08 CV 867

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/16/2008 11:43:11 | | |
| **PACER Login:** | sf0787 | **Client Code:** |

CLOSED, COLE

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:05-cv-04413

Garcia v. National Railroad Passenger Corporation et al
Assigned to: Honorable Charles P. Kocoras
Cause: 28:1441 Petition for Removal- Personal Injury

Date Filed: 08/02/2005
Date Terminated: 10/19/2006
Jury Demand: None
Nature of Suit: 360 P.I.: Other
Jurisdiction: Federal Question

### Plaintiff

**Angel Garcia**
*as independent Administrator of the*
*Estate of Miguel Angel Garcia,*
*deceased*

represented by **Robert J. Adelman**
Levin, Riback Law Group, PC
200 N. LaSalle Street
Suite 2300
Chicago, IL 60601
(312) 782-6717
Email: radelman@levinriback.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Bryan Riback**
Levin, Riback Law Group, P.C.
200 N. LaSalle Street
Suite 2300
Chicago, IL 60601
(312) 782-6717
Fax: (312) 782-5128
Email: ariback@levinriback.com
*ATTORNEY TO BE NOTICED*

**Richard Ira Levin**
Levin, Riback Law Group, P.C.
200 North LaSalle Street
Suite 2300
Chicago, IL 60601
312-782-6717
Email: rlevin@levinriback.com
*ATTORNEY TO BE NOTICED*

**Steven Ralph Levin**
Levin, Riback Law Group, P.C.
200 N. LaSalle Street
Suite 2300

Exhibit 157
08 CV 1867

DENLOW, PC

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:04-cv-03585

Hodges v. Briley, et al
Assigned to: Honorable Samuel Der-Yeghiayan
Demand: $0
Case in other court: 05-01767.
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 09/09/2004
Date Terminated: 02/01/2005
Jury Demand: Defendant
Nature of Suit: 555 Civil Rights (Prison Condition)
Jurisdiction: Federal Question

**Plaintiff**

**Richard Hodges**

represented by **Richard Hodges**
#K-57184
Stateville - STV
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434
PRO SE

**Notices to Prisoner Correspondence**

.
Email:
Prison1_ILND@ilnd.uscourts.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kenneth Briley**

represented by **Alexandra C. Buzanis**
Illinois Attorney General's Office
100 West Randolph Street
13th Floor
Chicago, IL 60601
(312)814-3713
Email: abuzanis@atg.state.il.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IDOC Chief of Legal Services**
Illinois Department of Corrections
100 West Randolph Street
4-200
Chicago, IL 60601

Exhibit 158

08 CV 1867